IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CLINTON RYAN WARD, #02279821 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv283 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Clinton Ryan Ward, an inmate of the Texas prison system proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The Court recommends that the petition be denied, and the case dismissed with prejudice. The Court further recommends that Ward be denied a certificate of appealability *sua sponte*.

I.  Procedural History

On or around October 18, 2018, Ward was indicted in Smith County, Texas for the felony offense of aggravated assault with a deadly weapon. (Cause No. 6:22cv131,[1] Dkt. #11-26, at 5–6). He pleaded not guilty and proceeded to a trial in Cause Number 114-1506-18, in the 114th Judicial District Court of Smith County, Texas. (*Id*. at 8). On May 22, 2019, a jury found Ward guilty of the offense and sentenced him to twenty years' imprisonment. (*Id*. at 8–9).

---

[1] Ward filed a second federal habeas petition (Cause No. 6:22cv131) after filing this federal habeas petition (6:21cv283). In the second case, the Court requested an answer, and the state court records from the State of Texas. The state court records are referenced in that Report and located at Docket #11 in Cause No. 6:22cv131.

1

Ward appealed the conviction, initially represented by counsel who filed an *Anders* brief. The Sixth Court of Appeals issued a memorandum opinion on December 31, 2019, affirming his conviction. *Ward v. State*, No. 06-19-00149-CR, 2019 WL 7341676 (Tex.App.—Texarkana Dec. 31, 2019, no pet.) (Cause No. 6:21cv131, Dkt. #11-19). Ward then filed a *pro se* motion for rehearing, which was granted. (*Id*. at 35). On June 12, 2020, the Sixth Court of Appeals issued a new memorandum opinion affirming his conviction. *Ward v. State*, No. 06-19-00149-CR, 2020 WL 3116360 (Tex.App.—Texarkana June 12, 2020, no pet.) (Cause No. 6:21cv131, Dkt. #38–40; Dkt. #11-19). Ward did not file a petition for discretionary review (PDR).

On February 20, 2020, Ward filed a state habeas application challenging his conviction. (*Id*. at 27). On February 3, 2021, his application was denied by the Texas Court of Criminal Appeals (CCA) because his conviction was not yet final at the time of filing. (*Id*.; Dkt. #11-24).

Ward signed his federal habeas corpus petition on July 13, 2021. (Cause No. 6:21cv283, Dkt. #1 at 16). The petition is deemed filed on July 13, 2021, in accordance with the federal "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (holding that for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system).

II.     Ward's Petition

In his petition, Ward raises a single claim for relief:

- His trial counsel provided ineffective assistance of counsel at trial for the charge in question by failing to follow Texas Disciplinary Rules 1.03(a) and 8.04(a)(3).

(Dkt. #1 at 5). Ward contends that his attorney's disciplinary sanctions for an ethics violation by the Texas Board of Disciplinary Appeals shows that his attorney provided ineffective assistance of counsel at trial. On August 31, 2021, the Court ordered Ward to explain how his attorney's

2

violation of the Texas Rules of Ethics resulted in harm and prejudice to him during his trial. (Dkt. #10). After several requests for an extension of time, Ward did not file a response.

III.     Standard of Review

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does "not sit as a super state supreme court to review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007) (citations omitted); *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983).

The petition was filed in 2021; thus, review is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997). Under AEDPA, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). "By its terms § 2254 bars re-litigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*,

562 U.S. 86, 98 (2011). The AEDPA imposes a "highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation and internal quotation marks omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201–02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the highly deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

With respect to the first provision, a "state court decision is 'contrary to' clearly established federal law if: (1) the state court 'applies a rule that contradicts the governing law' announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts." *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (*en banc*) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003)). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011). As such, "evidence later introduced in federal court is irrelevant." *Id.* at 184. "The same rule necessarily applies to a federal court's review of purely factual determinations under § 2254(d)(2), as all nine Justices acknowledged." *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011), *cert. denied*, 568 U.S. 828 (2012).

With respect to section 2254(d)(2), a Texas court's factual findings are presumed to be sound unless a petitioner rebuts the "presumption of correctness by clear and convincing evidence." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (citing section 2254(e)(1)). The "standard is demanding but not insatiable; . . . [d]eference does not by definition preclude relief." *Id.* (citation and internal quotation marks omitted). More recently, the Supreme Court held that a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (citation omitted). The Supreme Court has explained that the provisions of the AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas corpus relief is not available just because a state court decision may have been incorrect; instead, a petitioner must show that a state court decision was unreasonable. *Id.* at 694.

IV. <u>Discussion and Analysis</u>

    A. <u>Timeliness under the AEDPA</u>

Congress enacted the AEDPA on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Ward filed his petition after its effective date, the Act applies to his petition. Notably, Title I imposes a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). An inmate must file a section 2254 petition within one year of the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

5

  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id*. § 2244(d)(1)(A)-(D).

  Generally, a case is final when a judgment of conviction is entered, the availability of an appeal is exhausted, and the time for filing a petition for certiorari has lapsed or the certiorari petition is actually denied. *See Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003) (explaining that finality is determined by expiration of time for filing further appeals). Moreover, the time period for filing a timely petition is tolled while a state habeas application, post-conviction motion, or other application for collateral review is pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim pending shall not be counted toward any period of limitation under this subsection.").

  Here, Ward was sentenced on May 22, 2019, after which he filed an appeal, and on June 12, 2020, the Sixth Court of Appeals affirmed his conviction.[2] (Cause No. 6:22cv131, Dkt. #11-26, Dkt. #11-19). He did not file a PDR. His conviction, therefore, became final on July 12, 2020,

---

[2] In his petition here, Ward asserts that his direct appeal was final on December 31, 2019, when the Sixth Court of Appeals issued a memorandum opinion, which was later withdrawn. (Dkt. #1 at 14). If the Court were to use December 31, 2019, rather than June 12, 2020—the more favorable date to Ward-his federal habeas petition would have been due on January 31, 2021. Under Ward's suggested date, his federal habeas petition would be untimely as his federal habeas petition was not filed until July 13, 2021—seven months too late.

thirty days after his conviction was affirmed. Thus, the federal limitations period expired one year later, on July 12, 2021, absent statutory tolling.

Ward filed a state habeas application challenging his conviction on February 20, 2020. (*Id.*, Dkt. #11-26, at 35). On February 3, 2021, his application was denied by the CCA as procedurally improper because his conviction was not yet final at the time it was filed. (*Id.*, Dkt. #11-24). It is well-settled that, in order to toll the federal limitations period, the state habeas application must be "properly filed." *See* 28 U.S.C. §2244(d)(2); *see also Davis v. Quarterman*, 342 F. App'x 952, 954 (5th Cir. 2009). Accordingly, while filed before his federal limitations period expired, Ward's state habeas application did not toll his federal limitations period because it was not properly filed.

Although the AEDPA provides four possible dates on which the limitation period may begin to run, the date on which the judgment became final is the only one relevant here. Ward had until July 12, 2021, to file his federal habeas petition; however, he filed his section 2254 petition on July 13, 2021—one day after the expiration of the limitations period. (Cause No. 6:21cv283, Dkt. # 1 at 16). As a result, his claims are untimely and barred by the statute of limitations—unless another basis for extension applies. *See, e.g.*, *Lookingbill v. Cockrell*, 293 F.3d 256, 263-65 (5th Cir. 2002) (holding that a Texas prisoner's federal habeas petition was time-barred as being four days late and finding that the prisoner was not entitled to equitable tolling).

Ward has not alleged facts to show that any of the other statutory exceptions to the limitations period apply. He has not alleged facts showing that any unconstitutional state action prevented him from filing his federal habeas petition before the expiration of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B). He has not alleged facts showing that his claims are based on a newly recognized constitutional right. *See* 28 U.S.C. § 2244(d)(1)(C). And he has not alleged

7

facts showing that the factual basis for his claims could not have been timely discovered if he had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Having not alleged a statutory basis to avoid the effect of the limitations period, Ward's petition is time-barred unless an equitable exception to the limitations period applies.

### B. Equitable Tolling

Ward is not entitled to equitable tolling. Under the AEDPA, the one-year statute of limitations period may be equitably tolled only if the petitioner demonstrates that:

> (1) he has been pursuing his rights diligently, and
>
> (2) that some extraordinary circumstance stood in his way and prevented timely filing.

*See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

The doctrine of equitable tolling, furthermore, is available in only the rarest and most exceptional circumstances, particularly when the plaintiff is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2000) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (overturned on other grounds)). The Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) (emphasis in original). Ward has not shown that any circumstances were both extraordinary and beyond his control. He has failed to meet his burden of showing that equitable tolling is

warranted. Accordingly, Ward is not entitled to equitable tolling and his habeas petition should be dismissed as time barred.

### C. Exhaustion

In addition to being time barred, Ward has failed to exhaust his claims. State prisoners bringing petitions for a writ of habeas corpus are required to exhaust state remedies before proceeding in federal court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective." 28 U.S.C. § 2254(b)(1). To exhaust properly, a state prisoner must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). This means that a petitioner must have informed the state court system of all the same facts and legal theories upon which he bases his assertions in his federal habeas petition. *Id*. at 276–77; *Dispensa v. Lynaugh*, 847 F.2d 211, 217–18 (5th Cir. 1988). In Texas, all claims must be presented to and ruled on by the CCA. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789, 797 (5th Cir. 1993). Because Ward's state habeas petition was denied without written order due to his conviction not yet being final (Cause No, 6:22cv131, Dkt. #11-24), the claims presented in his state habeas petition were never ruled upon by the CCA. *See Larry v. Dretke*, 361 F.3d 890, 894–95 (5th Cir. 2004) (holding that a state habeas application is not properly filed when it is filed before the judgment was final because the Court of Criminal Appeals did not have jurisdiction to consider the application). Because the claims raised in Ward's federal habeas petition were not exhausted at the state level, his federal petition is also subject to dismissal for failure to exhaust.

V.        Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Ward has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. at 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its

10

procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012)).

In this case, reasonable jurists could neither debate the denial of Ward's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Accordingly, it is respectfully recommended that the Court find that Ward is not entitled to a certificate of appealability as to any of his claims.

## Recommendation

It is accordingly recommended that the above-styled petition for writ of habeas corpus be denied, and the case be dismissed with prejudice. A certificate of appealability should be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 25th day of January, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE