IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CLINTON RYAN WARD, #02279821, § § § | |
| Petitioner, § § | |
| v. § | Case No. 6:21-cv-283-JDK-KNM |
| § § | |
| DIRECTOR, TDCJ-CID, § § | |
| Respondent. § § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Clinton Ryan Ward, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

On January 25, 2024, Judge Mitchell issued a Report and Recommendation recommending that the Court deny the petition and dismiss the case with prejudice. Judge Mitchell also recommended that a certificate of appealability be denied. Docket No. 19.  Respondent filed objections, but Petitioner did not.  Docket No. 20.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the

1

law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Report recommended denying this petition based on the statute of limitations and Petitioner's failure to exhaust his state remedies before filing his federal petition. Docket No. 19. Each ground represents an independent basis to dismiss this petition with prejudice.

Respondent objects to the dismissal of Petitioner's petition on the grounds of the statute of limitations. Respondent argues that, under Texas Rule of Appellate Procedure 4.1(a), Petitioner's conviction became final on Monday, July 13, 2020, because July 12, 2020, was a Sunday. As a result, Petitioner's federal petition was due one year later on July 13, 2021—the date Petitioner signed his petition. The Director's objection is therefore sustained.

Although the Director's objection is sustained regarding the statute of limitations, the Report and Recommendation correctly finds that the case warrants dismissal, as Petitioner failed to exhaust his state habeas remedies before filing his federal petition. To exhaust properly, a state prisoner must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). This means that a petitioner must have informed the state court system of all the same facts and legal theories upon which he bases his assertions in his federal habeas petition. *Id.* at 276–77; *Dispensa v. Lynaugh*, 847 F.2d 211, 217–18 (5th Cir. 1988).

In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789, 797 (5th Cir. 1993). Because Petitioner's state habeas petition was denied without written order due to his conviction not yet being final (Cause No. 6:22-cv-131, Docket No. 11-24), the claims presented in his state habeas petition were never ruled upon by the Texas Court of Criminal Appeals. *See Larry v. Dretke*, 361 F.3d 890, 894–95 (5th Cir. 2004) (holding that a state habeas application is not properly filed when it is filed before the judgment was final). As a result, the Magistrate Judge's determination that Petitioner failed to exhaust his required state court remedies is correct. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Loynachan v. Davis*, 766 F. App'x 156, 1590 (5th Cir. 2019) ("To exhaust a claim, it must also be presented in a procedural context in which state courts *necessarily* review the claim on the merits.").

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct as to Petitioner's failure to exhaust state remedies. The Court therefore **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 19) as the opinion of the District Court on the issue of failure to exhaust. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability.

**Signed this**
**Mar 19, 2024**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3